# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

TYCO HEALTHCARE GROUP LP and
MALLINCKRODT INC.,

        Plaintiffs,

    v.

MUTUAL PHARMACEUTICAL COMPANY,
INC. and UNITED RESEARCH
LABORATORIES, INC.,

        Defendants.

_____

**Civ. No. 07-1299 (SRC)**

**ORDER**

**<u>CHESLER, U.S.D.J.</u>**

      This matter comes before the Court on Plaintiff's appeal [Docket Entry No. 151] of a

non-dispositive Order issued by United States Magistrate Judge Michael A. Shipp, directing

Defendants Mutual Pharmaceutical Company and United Research Laboratories, Inc.

(collectively, "Defendants") to withdraw two motions for partial summary judgment [Docket

Entry Nos. 132 and 133].  For the reasons stated below, the Magistrate Judge's Order will be

affirmed.

      On November 20, 2007, the Magistrate Judge entered a Pre-Trial Scheduling Order

[Docket Entry No. 58] which Ordered, inter alia, that "[d]ispositive motions are to be served by

July 31, 2008 or within thirty [30] days of completion of expert discovery, whichever is later."

(Order of November 20, 2007 at ¶ 11.)  Expert discovery has yet to begin.  On July 2, 2008,

Defendants filed two motions for partial summary judgment.  At a status conference on July 30,

2008, the Magistrate Judge directed Defendants to withdraw the two motions because they were

premature under the terms of the Pre-Trial Scheduling Order.  Defendants moved for

reconsideration of the Order directing them to withdraw the motions, which was denied. Defendants have now appealed.

A Magistrate Judge's disposition of a non-dispositive motion is subject to review under a clearly erroneous or contrary to law standard.  28 U.S.C. § 636(b)(1)(A); L. Civ. R. 72.1(c)(1)(A). Accordingly, Magistrate Judge Shipp's ruling on this non-dispositive motion is reversable only if it is "clearly erroneous or contrary to law."  Id.

Defendants' appeal is audacious.  Having violated the Court's Pre-Trial Scheduling Order, and having been Ordered by the Magistrate Judge to act in compliance with the Pre-Trial Scheduling Order, Defendants now ask this Court to reverse the Magistrate Judge's ruling to give post-hoc permission for their violation, and to do so without even offering a colorable argument that the Magistrate Judge's ruling was clearly erroneous or contrary to law.

Rather, Defendants provide reasons why the schedule should be changed to allow them to file the motions for partial summary judgment.  Such arguments are not on point: the issue before this Court is only whether the Magistrate Judge erred in requiring compliance with the existing scheduling Order.  Before filing the two motions, Defendants might have asked the Magistrate Judge to amend the Pre-Trial Scheduling Order to allow the filing of the motions for summary judgment, or sought leave to file the motions early, but they chose instead to file them in violation of the Scheduling Order.

This Court is satisfied that Magistrate Judge Shipp's Order was neither clearly erroneous nor contrary to law.  To the contrary, it is manifestly the correct decision.  Therefore,

**IT IS** on this 22nd day of September, 2008,

**ORDERED** that Defendants' appeal of Magistrate Judge Shipp's Order directing them to

withdraw their motions for summary judgment [Docket Entry No. 151] is **DENIED**; and it is further

      **ORDERED** that Magistrate Judge Shipp's Order of July 30, 2008 directing Defendants to withdraw their motions for summary judgment is hereby **AFFIRMED**.

                          s/ Stanley R. Chesler

                          Stanley R. Chesler,
                          United States District Judge