**STERNS & WEINROTH, P.C.**
50 West State Street, Suite 1400
Trenton, N.J. 08607-1298
Telephone: (609) 392-2100
Facsimile: (609) 392-7956
*Attorneys for Defendants Mutual Pharmaceutical Company, Inc.*
*and United Research Laboratories, Inc.*

---

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TYCO HEALTHCARE GROUP LP and MALLINCKRODT INC., | Civil Action No. 07-cv-1299 (SRC) (MAS) |
| Plaintiffs, | |
| v. | **DOCUMENT FILED ELECTRONICALLY** |
| MUTUAL PHARMACEUTICAL COMPANY, INC. and UNITED RESEARCH LABORATORIES, INC., | **ORDER GRANTING DEFENDANTS' MOTION TO SEAL** |
| Defendants. | |

**THIS MATTER,** having come before the Court on the Motion of Defendants Mutual Pharmaceutical Company, Inc. and United Research Laboratories, Inc. ("Defendants"), by counsel, Sterns & Weinroth, A Professional Corporation and Axinn Veltrop Harkrider LLP, on notice to Plaintiffs Tyco Healthcare Group LP and Mallinckrodt Inc. ("Plaintiffs"), by counsel, McCarter & English, LLP and Fitzpatrick, Cella, Harper & Scinto, for the entry of an Order, pursuant to Local Civil Rule 5.3 Directing the Clerk to Seal Materials Containing Information That Has Been Designated as Confidential Under the Stipulated Protective Order, and the Court having considered the papers submitted in support of the Motion, hereby makes the following Findings of Fact and Conclusions of Law:

## **FINDINGS OF FACT**

1. Through discovery in this case, the parties have produced confidential and highly confidential information, the public disclosure of which could affect legitimate business interests. To protect the confidentiality of this information, the parties entered into a Stipulated Discovery Protective Order, which the Court entered on July 19, 2007 (the "Protective Order").

2. The Protective Order allows the parties to designate information as "Confidential" or "Highly Confidential" (Order ¶2), and provides that a party wishing to use material designated "Highly Confidential" in a submission filed with the Court must move pursuant to Local Rule 5.3 for leave to file the submission under seal (Order ¶5).

3. On July 16, 2010 Defendants electronically filed documents at the following Docket No: 406. Defendants seek to have these papers filed under seal as they reference information and documents that have been designated as "Confidential" or "Highly Confidential" under the Stipulated Protective Order (the "Materials).

4. The Materials contain and reference sensitive and highly confidential information relating to the patents at issue in this case that has been designated as "Confidential" and "Highly Confidential" under the Protective Order.

5. Defendants have complied with the terms of the Protective Order by moving to file the Materials under seal pursuant to Local Rule 5.3(c).

6. The information in the Materials satisfies the standards set forth in Local Rule 5.3.

7. There is no less restrictive alternative to the filing of the Materials under seal. Only the portions of the Materials will be sealed, which is a necessary compromise in a litigation involving private litigants.

## CONCLUSIONS OF LAW

1. Through discovery in this case, the parties have produced confidential and highly confidential information, the public disclosure of which could affect legitimate business interests. To protect the confidentiality of this information, the parties entered into the Protective Order.

2. The Protective Order allows the parties to designate information as "Confidential" or "Highly Confidential" (Order ¶2), and provides that a party wishing to use material designated "Highly Confidential" in a submission filed with the Court must move pursuant to Local Rule 5.3 for leave to file the submission under seal (Order ¶5).

3. On July 16, 2010 Defendants electronically filed the Materials in accordance with the provisions set forth in Local Civil Rule 5.3.

4. The Materials contain and reference sensitive and highly confidential information relating to the patents at issue in this case that has been designated as "Confidential" and "Highly Confidential" under the Protective Order.

5. Defendants have complied with the terms of the Protective Order by moving to file the Materials under seal pursuant to Local Rule 5.3(c).

6. The information in the Materials satisfies the standards set forth in Local Rule 5.3.

7. There is no less restrictive alternative to the filing of the Materials under seal. Only the portions of the Materials will be sealed, which is a necessary compromise in a litigation involving private litigants.

8. Although there is a presumptive right of public access to judicial proceedings and records, district courts have recognized that such right is not absolute; and further, that the presumption may be rebutted. In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001).

9. To overcome the presumption of openness, and to justify the entry of an order sealing judicial records, the moving party must demonstrate (1) a substantial and compelling interest in confidentiality; and (2) that divulgence would work a clearly defined and serious injury to the party seeking closure. Pansy v. Borough of Stroudsburg, 23 F.3d 772, 787 (3d Cir. 1994).

10. Once the movant establishes the foregoing two elements, a district court will engage in a balancing process, pursuant to which, the court will weigh the common law presumption of access against those factors that militate against access. In re Cendant Corp., 260 F.3d at 194; see also Republic of Philippines v. Westinghouse Elec. Corp., 949 F.3d 653, 662 (3d Cir. 1991) (a presumption of access alone does not end the court's inquiry as the right to access judicial records is not absolute; indeed, "a presumption is just that" and may therefore be rebutted).

11. The Court concludes that the articulated bases for sealing portions of the Materials weighs against any presumptive right of public access, and portions of the pleading must therefore be sealed as a matter of law.

IT IS on this 12th day of August 2010;

**ORDERED** that the Clerk shall seal the Materials filed on behalf of Defendants on July 16, 2010 at Docket No. 406.

_____
Honorable Michael A. Shipp, U.S.M.J.