# STERNS & WEINROTH
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
50 WEST STATE STREET
SUITE 1400
P.O. BOX 1298
TRENTON, NEW JERSEY 08607-1298
(609) 392-2100
FACSIMILE
(609) 392-7956
WWW.STERNSLAW.COM

Erica S. Helms: (609) 989-5062
e-mail: ehelms@sternslaw.com

File No.: 53404-01

February 28, 2012

**VIA ECF AND HAND DELIVERY**
Hon. Michael A. Shipp, U.S.M.J.
**United States District Court**
U.S. Post Office & Courthouse Bldg.
50 Walnut Street
Newark, New Jersey 07102

Re: **Tyco Healthcare Group LP et al v. Mutual Pharmaceutical Co., Inc., et al.
Civil Action No. 07-1299 (SRC) (MAS)**

Dear Magistrate Judge Shipp:

We represent counterclaim-plaintiffs Mutual Pharmaceutical Co., Inc. and United Research Laboratories, Inc. (collectively, "Mutual") in the above-captioned matter. Pursuant to Your Honor's February 17, 2012 Order (D.I. 444), we submit this joint case status letter with counterclaim-defendants Tyco Healthcare Group LP and Mallinckrodt Inc. (collectively, "Tyco") in preparation for the telephonic status conference scheduled for March 6, 2012.

## CASE BACKGROUND AND STATUS

This matter originated with a patent infringement suit filed by Tyco on March 20, 2007, relating to Mutual's Abbreviated New Drug Application No. 75-581 seeking approval from the Food and Drug Administration ("FDA") to manufacture and sell a generic version of Tyco's 7.5 mg Restoril® product. Mutual filed antitrust and unfair competition counterclaims that were stayed pending resolution of the patent issues.

On May 5, 2010, Judge Chesler granted Mutual's motion for summary judgment of invalidity for obviousness and, on July 12, 2010, entered final judgment for Mutual. On June 26, 2011, the Court of Appeals for the Federal Circuit affirmed the invalidity ruling, thereby ending the patent phase of the litigation. On July 19, 2011, the Court lifted the stay on Mutual's counterclaims. (D.I. 427.) On August 9, 2011, Your Honor entered a Scheduling Order pursuant to which fact discovery was to close on February 28, 2012. (D.I. 431.) On February 23, 2012, the parties filed a joint letter updating the Court on the progress of discovery, and requested a 60-day extension of the current Scheduling Order deadlines. (D.I. 445.)

The parties have cooperated in the discovery process, with each party serving and responding to interrogatories and document requests. The parties have completed their main

productions. Tyco has identified a substantial number of potentially privileged documents, however, and will need until mid-March to review those documents to determine whether they are not privileged and can be produced.

As set forth below there is a dispute between the parties regarding whether allegedly-privileged documents dated after the filing of the patent suit need to be individually logged. The parties have agreed to try to work through any remaining privilege log issues without seeking a further alteration of the main discovery schedule.

## DISCOVERY ISSUES

As indicated, there is one discovery dispute that is ripe for the Court. In addition, there are two issues that do not impact fact discovery but that Mutual believes may require the Court's intervention at some point.

### Privilege Log for Documents Post-Dating Filing of the Patent Suit

Tyco's electronic privilege screen identified approximately 25,000 responsive documents as potentially containing privileged information.[1] Approximately 11,000 of these documents post-date the filing of the patent infringement suit. In Tyco's view, creating an individualized privilege log for each of these "post-suit" documents would have little value, be unduly burdensome, and be contrary to the rules and recognized practice in light of the fact that Tyco is not asserting an advice-of-counsel defense. In Mutual's view, a log is required under the Federal Rules and is necessary given the nature of Mutual's claims, which include the allegation that a number of Tyco's actions post-filing were unlawfully anticompetitive. Mutual has offered to limit Tyco's logging of post-suit material to individual documents in certain particularly relevant subjects, which it proposes using search terms to identify. Tyco has offered to provide generalized descriptions of categories of documents with an accompanying affidavit. The parties intend to file a joint submission on this issue by March 2, 2012.

### Issues Relating to Expert Discovery and Testimony

Mutual wishes to apprise the Court of two issues that it believes might require the Court's intervention.

First, to prevail on its antitrust counterclaims based on the filing of the patent infringement suit, Mutual must demonstrate that Tyco's patent infringement suit was "objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits." Professional Real Estate Investors, Inc. v. Columbia Pictures Indus.,

---

[1] There are another approximately 5,000 potentially privileged documents dated after September 8, 2009, the date Mutual received final approval from FDA to launch its 7.5 mg temazepam product. Mutual has agreed that it will not ask Tyco to list these documents on its privilege log.

508 U.S. 49, 60 (1993). The parties have discussed whether an expert may offer opinions about what a reasonable litigant could have realistically expected but have not reached agreement. Accordingly, Mutual seeks the Court's guidance as to how it prefers to proceed. Tyco believes it is premature to raise this issue, and that it is best resolved after the parties make their independent determinations as to what expert evidence they wish to offer. At that point, there will be a complete record upon which to make any necessary determinations.

Second, the current Scheduling Order provides for only affirmative and responsive expert reports. As Mutual bears the ultimate burden of proof on liability and damages, the reports of Mutual's experts will be due in the first round of reports. Mutual will make every effort to anticipate the arguments Tyco's experts may make and the authorities they may rely upon in response based on Tyco's pleadings and interrogatory answers and ask its experts to address those arguments in their opening reports. Mutual believes it is foreseeable, however, that it might not be able to anticipate all such arguments and authorities.[2] In that event, Mutual wishes to reserve the right to ask the Court to permit limited reply reports or grant some other relief to preclude an argument that Mutual's experts are barred at trial from addressing these arguments or authorities. Tyco believes, again, that this issue is at best premature. Mutual initially proposed the current two rounds of expert reports. It knew then of its burden of proof. Normally, a third round of reports is appropriate only if the second round addresses issues upon which that litigant bears the burden of proof. Such is not the situation here. Accordingly, there is no reason at this point to contemplate a third round of expert reports, or other unspecified "relief," on an undeveloped record and contrary to established practice. If Mutual is permitted multiple reports on issues for which it bears the burden of proof, Tyco respectfully reserves the option to seek to strike such reports, or to seek a corresponding opportunity to respond.

Thank you for your consideration of this matter.

Respectfully submitted,

Erica S. Helms

CPM
cc: Counsel of Record (via ECF & email)

---

[2] For example, to prove that the patent suit was objectively baseless, Mutual is required to prove a negative, i.e., that no reasonable litigant could realistically expect that it would succeed on the merits of the suit.