

March 2, 2012

**VIA ECF AND HAND DELIVERY**

Hon. Michael A. Shipp, U.S.M.J.
United States District Court
Martin Luther King, Jr. Federal Building
  and U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

**Re:** *Tyco Healthcare Group LP et al. v. Mutual Pharmaceutical Company, Inc. et al.*
 Civil Action No. 07-cv-1299 (SRC)(MAS)

John E. Flaherty
Partner
T. 973.639.7903
F. 973.297.3971
jflaherty@mccarter.com

Dear Magistrate Judge Shipp:

We represent counterclaim-defendants Tyco Healthcare Group LP and Mallinckrodt Inc. (collectively, "Tyco") in the above-captioned matter. We submit this letter with counterclaim-plaintiffs Mutual Pharmaceutical Co., Inc. and United Research Laboratories, Inc. (collectively, "Mutual") to address the privilege log disagreement identified in the parties' February 28, 2012 joint status letter to the Court (D.I. 446). The parties are scheduled to have a telephonic status conference with Your Honor on March 6, 2012 (D.I. 444).

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, NJ  07102
T. 973.622.4444
F. 973.624.7070
www.mccarter.com

## BRIEF CASE BACKGROUND

As set forth in the parties' joint status letter, Tyco filed a patent infringement suit on March 20, 2007 relating to Mutual's Abbreviated New Drug Application No. 75-581, which sought approval to manufacture and sell a generic version of Tyco's 7.5 mg Restoril® product. Mutual subsequently filed antitrust and unfair competition counterclaims, which were stayed pending resolution of the patent issues. The patent phase of the litigation was resolved by the Court's ruling, affirmed by the Federal Circuit, that Tyco's patent was invalid for obviousness. On July 19, 2011, the Court lifted the stay on Mutual's counterclaims, which are now being litigated.

BOSTON

HARTFORD

NEW YORK

During discovery, Mutual asked Tyco whether it would assert an advice-of-counsel defense to Mutual's counterclaims. Tyco confirmed that it would not do so. As a result, Tyco has not waived any privilege or work-product claims relating to Mutual's allegations.[1] In Mutual's view, and as set out below, that Tyco has not asserted an advice-of-counsel defense has no bearing on its obligation to provide a post-complaint privilege log.

NEWARK

PHILADELPHIA

STAMFORD

WILMINGTON

---

[1] Tyco reserves the right to rely upon evidence relating to the first phase of this case, including arguments, correspondence, briefing, expert reports, testimony, and other materials previously provided to the Court and/or Mutual, in defending against Mutual's counterclaims.

ME1 13041135v.1

Hon. Michael A. Shipp, U.S.M.J.
March 2, 2012
Page 2

## POST-COMPLAINT PRIVILEGE LOGGING

The parties' dispute centers on whether, and to what extent, documents post-dating the filing of the complaint need to be logged. Thus far, Tyco's electronic privilege screen has identified approximately 25,000 documents as potentially containing privileged information. Approximately 11,000 of those documents post-date the filing of the infringement suit.[2] In Tyco's view, creating an individualized privilege log for each of these "post-suit" documents would have little value, be unduly burdensome, and be contrary to the rules and recognized practice in light of the fact that Tyco is not asserting an advice-of-counsel defense. In Mutual's view, a log is required under the Federal Rules, is necessary given the nature of Mutual's claims, which include the allegation that a number of Tyco's actions post-filing were unlawfully anticompetitive, and would not be unduly burdensome.

### Tyco's Position

The Third Circuit has confirmed there is no general rule requiring post-suit logging. *Grider v. Keystone Health Plan Central, Inc.*, 580 F.3d 119, 139 n. 22 (3rd Cir. 2009) ("We underscore that a privilege log may not be required for communications with counsel that take place after the filing of a law suit.") Indeed, the standard practice is not to prepare such logs. It is inappropriate in this case for two additional reasons. First, Tyco is not asserting an advice-of-counsel defense and Local Patent Rule 3-8 applies. Second, Mutual's requested log would be unduly burdensome, inaccurately reflect the underlying material, and be of little probative value.

Mutual's antitrust and unfair competition counterclaims relate to the merits of Tyco's patent infringement lawsuit. Tyco is not asserting an advice-of-counsel defense to those claims. Under Local Patent Rule 3-8, entitled "Advice of Counsel," a party is required to produce a limited privilege log <u>if it is relying</u> upon such advice and there has been a subject matter waiver. L.Pat.R. 3-8(c). Here, neither has occurred.

Rule 3-8(c) specifically contemplates a situation in which a log is <u>not</u> produced, and the consequence: the asserting party cannot rely upon an advice-of-counsel defense. This is wholly consistent with Tyco's position. In effect, Mutual seeks the logging benefit provided by Rule 3-8 without its necessary predicate.

Preparation of the log requested by Mutual would also be unduly burdensome. Approximately 11,000 documents are potentially at issue, spanning two and a half years of litigation and many communications involving trial counsel. Federal Rule of Civil Procedure 26 does not require such document-by-document logging, nor does it provide details as to what type of privilege information should be provided. The Advisory Committee notes point out that document-by-document logging may be impractical and unduly burdensome:

---

[2] There are another approximately 5,000 potentially privileged documents dated after September 8, 2009, the date Mutual received final approval from FDA to launch its 7.5 mg temazepam product. Mutual has agreed that it will not ask Tyco to list these documents on its privilege log.

2

ME1 13041135v.1

Hon. Michael A. Shipp, U.S.M.J.
March 2, 2012
Page 3

> The rule does not attempt to define for each case what information must be provided when a party asserts a claim of privilege or work product protection. Details concerning time, persons, general subject matter, etc. may be appropriate if only a few items are withheld, <u>but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories</u>.

Advisory Committee notes (emphasis added); *see also* Rule 26(c), Fed.R.Civ.P.

Many courts have declined requests for post-suit privilege logs. *See, e.g., Durkin v. Shields,* 174 F.R.D. 475, 479 (S.D.Cal. 1997) (refusing to force the creation of a post-suit log as unreasonable and unduly burdensome); *U.S. v. Magnesium Corp. of America*, 2006 WL 1699608, *5 (D.Utah 2006) (no detailed log necessary where thousands of documents would have to be logged, and most of the documents would be protected as privileged); *Prism Technologies LLC v. Adobe Systems, Inc.*, 2011 WL 5523389, at *2-*3 (D. Neb. 2011) (rejecting request to extend privilege logging to post-suit documents); *Ryan Inv. Corp. v. Pedregal De Cabo San Lucas*, 2009 U.S. Dist. LEXIS 118337, at *9 (N.D. Cal. 2009) (same). The same analysis applies here.[3] Even one of the two reported cases identified by Mutual during the meet-and-confer process recognizes this undue burden, and declined to order logging of individual post-suit documents. *See In re Motor Fuel Temperature Sales Practices Litigation*, 2009 WL 959491, at 3 (D.Kan. 2009) (permitting generalized, categorical grouping of privileged post-suit documents in accordance with Advisory Committee comments).[4]

Mutual has suggested that instead of a complete post-suit log, a partial document-by-document log could be prepared. It proposes a number of search terms it contends correlate to several types of documents.[5] There are several problems with this approach. First, it does not address the threshold advice-of-counsel issue. Second, the document descriptions Mutual purports to link to its search terms assume certain conclusions about the substance of privileged information – e.g., "documents concerning Tyco's decision to test or not test samples of the temazepam used in Mutual's biobatch or obtained for Mutual's commercial product." (Exh. A, 2/14/12 Mathias Ltr. at 2, Subject Matter "2"). Third, Mutual's search terms still implicate approximately 3,000 post-suit documents and do not exclude materials involving trial counsel. Fourth, the resultant log would not fairly or accurately represent the actual communication flow relating to this case, and would unfairly prejudice Tyco in the event Mutual tried to use the log to challenge individual

---

[3] Mutual has also declined to pay for the expense of a Tyco post-suit log.
[4] Mutual also asserts that an opinion from the Northern District of California supports its position. *See PostX Corp. v. Secure Data Motion*, No. C- 02-04483 SI, 2004 WL 2623234, at *2 (N.D. Cal. June 9, 2004) (granting motion to compel post-suit log in antitrust case). That decision is a two-page order without sufficient context to determine the factual bases for the ruling. There is no mention of whether an advice-of-counsel defense was asserted, an applicable local rule, or the actual burden involved. The opinion does order production of a complete post-suit log within nine days, however, strongly suggesting that thousands of documents were not at issue. As far as decisions from the Northern District of California are concerned, the subsequent, reported *Pedregal* case provides the better approach.
[5] (*See* February 14, 2012 letter from Edward Mathias and February 24, 2012 response letter from John Garretson, attached as Exhibits A and B, respectively).

3

Hon. Michael A. Shipp, U.S.M.J.
March 2, 2012
Page 4

privilege claims.  Fifth, Tyco is not aware of any court having endorsed such an approach, particularly in light of these concerns.

In the spirit of compromise, Tyco has suggested that a limited, categorical post-suit log might be feasible instead of a document-by-document approach.  Mutual did not accept this proposal.  Because a document-by-document post-suit log is inappropriate under Third Circuit law, the New Jersey Local Rules, the Federal Rules of Civil Procedure, and the weight of applicable case law, Tyco respectfully seeks relief.

<u>Mutual's Position</u>

The Federal Rules require Tyco to produce a log that identifies and describes the otherwise-responsive documents it withholds as privileged or work-product.  Here, the documents at issue relate to several highly-relevant subjects that occurred after the filing of Tyco's patent suit: (1) Tyco's decision to file and *maintain* its patent lawsuit, (2) Tyco's post-complaint decision to file a sham Citizens' Petition, and (3) the impact on competition and the relevant markets of Mutual's foreclosure from the market.  Tyco's position would allow it to withhold highly relevant documents but deny Mutual any avenue for assessing the propriety of Tyco's privilege claims.

Notwithstanding its strong interest in assessing each and every claim of privilege, Mutual has offered two compromises that reduce the number of post-suit documents Tyco would have to log by 75 percent.  Tyco has not demonstrated that the burden of providing a document-by-document post-complaint log pursuant to Mutual's offer would be significant or that it would outweigh the substantial benefit to Mutual of having such a log.  The Court should order Tyco to produce a log in accordance with Mutual's proposal.

    i.    The Federal Rules and the Circumstances of
This Case Require a Privilege Log for All Withheld
<u>Documents Irrespective of Whether Created Pre- or Post-Complaint</u>.

Rule 26(b)(5) of the Federal Rules of Civil Procedure requires a party that withholds a document on the basis of privilege or work-product to provide a description of that document sufficient to assess the claim of privilege or work-product.  Fed. R. Civ. P. 26(b)(5).  The Rule makes no distinction based on whether a withheld document was created pre- or post-filing of the complaint.  *Sphere Drake Ins. Ltd. v. All Am. Life Ins. Co.*, 221 F. Supp. 2d 874, 886 (N.D. Ill. 2002) (rejecting argument that logging of post-filing documents was not required).  A second court articulated the reason why the Rule does not make such a distinction:

> [C]ommon sense dictates that even post-filing correspondence and materials exchanged between lawyer and client must be listed on the privilege log.  It is certainly possible that such a document might be copied to a third party, thus destroying any privilege that otherwise would attach.  Consequently, the mere fact that a document concerning the litigation is created and exchanged between lawyer and client after the lawsuit is commenced does not mean necessarily that the document is privileged and not subject to discovery.

Hon. Michael A. Shipp, U.S.M.J.
March 2, 2012
Page 5

*Horton v. United States*, 204 F.R.D. 670, 673 (D. Colo. 2002) (as quoted in *In re Motor Fuel Temperature Sales Practices Litig.*, No. 07-1840, 2009 WL 959491, at *2 (D. Kan. Apr. 3, 2009)).

In the face of this authority, Tyco's apparent claim that logging of post-complaint documents is not required by the Federal Rules is baseless. In the only case Tyco cited in support of that proposition, *Grider*, the Third Circuit merely noted in dicta that "a privilege log may not be required for communications with counsel that take place after the filing of a law suit." 580 F.3d at 139 n.22. The only subsequent court to cite this footnote rejected an attempt to use it as Tyco does here, stating that "*Grider* does not hold that litigants are not required to maintain ongoing privilege logs." *Medeva Pharma Suisse A.G. v. Roxane Laboratories, Inc.*, No. 07-5165, 2011 WL 310697, at *17 (D.N.J. Jan. 28, 2011).

Moreover, Mutual is not even seeking an "ongoing" privilege log. It has agreed that Tyco need not log documents after it received final FDA approval for its generic 7.5 mg temazepam drug product. The period between Tyco's filing of its complaint and final FDA approval, however, is critical to Mutual's claims. Mutual alleges that Tyco maintained its patent infringement suit and engaged in other post-complaint conduct such as filing a baseless Citizen Petition with FDA for the purpose of unlawfully maintaining its monopoly position. Contrary to many cases where post-complaint conduct is not at issue, Tyco's conduct *after* it filed the complaint is squarely at issue in this case. Accordingly, the time period for which Mutual seeks a privilege log is analogous to the pre-suit period of a non-sham case because in each case the log covers the time period where the alleged misconduct took place. It is essential, therefore, that Mutual retain the opportunity provided by the Federal Rules to assess and, if appropriate, challenge Tyco's privilege claims.

Given this context, it is not surprising that the one case that is on point strongly supports Mutual's argument. In *PostX Corp. v. Secure Data Motion*, the defendant to a patent infringement case, referred to in the decision as "Sigaba," asserted antitrust and false advertising counterclaims. No. 02-4483, 2004 WL 2623234, at *2 (N.D. Cal. June 9, 2004). Sigaba filed a motion seeking to compel production of a document-by-document post-complaint privilege log. The court found that post-filing conduct was relevant to the movant's antitrust and false advertising counterclaims and would be of "material benefit to Sigaba." *Id.* at *1. Precisely the same reasoning applies here. Significantly, the court granted the motion even though the patent plaintiff, PostX, took a less extreme position than Tyco takes here, because PostX did "not mak[e] a 'blanket refusal to log *all* documents that post-date [its complaint].'" *Id.* (*quoting* PostX's brief). And, as set forth in more detail below, Mutual is not asking that every privileged post-complaint document be logged.

Tyco contends that the Court should give *Pedegral* more weight than *PostX*. *Pedegral*, however, did not involve a sham litigation claim. Moreover, although the court in *Pedegral* determined that the plaintiff did not need to log "counsel's communications with the client and work product," it ordered plaintiff to prepare a document-by-document log for "all other materials withheld on privilege grounds." *Pedregal*, 2009 WL 5114077,

5

Hon. Michael A. Shipp, U.S.M.J.
March 2, 2012
Page 6

at *3 & n.4 (reciting the requirements for a privilege log). Here, Tyco steadfastly refuses to individually log *any* post-complaint documents – even documents on which no attorney's name appears.

Tyco's reliance on Local Patent Rule 3.8 is simply misguided. Rule 3.8 sets out the minimum requirements for a party asserting advice-of-counsel in a patent case. In particular, the rule provides a deadline by which that party must produce, among other things, a privilege log for documents it withholds relating to the subject matter of the advice. N.J. L. Patent R. 3.8(c). Tyco claims that, under this local rule, because it is *not* asserting an advice-of-counsel defense it does *not* have to produce a privilege log. Tyco is wrong on several levels. First, if Tyco's interpretation were correct, privilege logs in New Jersey patent cases would *only* be required when a party asserts an advice-of-counsel defense. This is incorrect and would require that Local Patent Rule 3.8 trump the requirements of Fed. R. Civ. P. 26(b)(5), which it does not. *See* N.J. L. R. 1(a). Second, even if Tyco's interpretation of the local patent rules had been correct, which it is not, it could apply only to *patent* disputes and not the antitrust and unfair competition claims the parties are currently litigating.

  ii.  Tyco Has Failed to Demonstrate Undue Burden,
     Particularly in Light of Mutual's Compromise Proposal.

Tyco has failed to demonstrate that producing the privilege log Mutual seeks would be unduly burdensome. Through the meet-and-confer process, Mutual has already addressed Tyco's concern in two demonstrably significant ways that would nevertheless preserve Mutual's important right to meaningfully assess Tyco's privilege claims. Mutual first offered to limit the post-complaint log to the time period between the filing of the complaint and the launch of Mutual's generic product, thus eliminating 5,000 documents. Mutual also proposed a list of search terms designed to identify the documents in the remaining group of 11,000 potentially privileged post-complaint documents that are likely to be of particular importance to Mutual's counterclaims.[6] Tyco has represented that applying these criteria results in a pool of approximately 3,000 documents. The actual number of documents Tyco would have to log would be even smaller, because Tyco has indicated that approximately 15 to 33 percent of the documents it has flagged as potentially privileged have turned out not to be privileged.[7]

Tyco has not offered any details why the logging the 3,000 or fewer post-complaint documents would be unduly burdensome, particularly in view of the 14,000 pre-complaint documents that are not before the Court. It has not provided, for example, any estimate of the cost of logging those 3,000 documents. Moreover, one of the cases Tyco cites, *Durkin v. Shields*, provides a useful example of a case where the burden truly was undue. *Durkin* involved approximately 50 parties, 20 law firms, and "hundreds of thousands, if not millions, of documents." 174 F.R.D. 475, 478 (S.D. Cal. 1997). Although the court in *Durkin* permitted logging of documents by category, it made clear

---

[6] Counsel for Mutual's February 14, 2012 letter to counsel for Tyco specifically identifies the criteria to be used. (*See* Ex. A.)
[7] Tyco does not dispute that it must conduct a document-by-document review of all responsive documents to determine which are actually privileged. Thus, it is only the additional step of creating the log that is at issue.

6

Hon. Michael A. Shipp, U.S.M.J.
March 2, 2012
Page 7

that a document-by-document log "has been, undoubtedly will, and should remain, the traditional format." *Id.* at 478. This case is far more narrow in scope, and requiring Tyco to provide a log in the "traditional format" imposes no undue burden.

Tyco has offered three additional reasons why the Court should not adopt Mutual's proposal to use search terms to limit the number of post-complaint documents that need to be logged. None of these reasons have merit. First, Tyco states that "the document descriptions Mutual purports to link to its search terms assume certain conclusions about the substance of privileged information . . . ." *Supra* at 4. Tyco's apparent worry is that mere knowledge that one or more of the search terms is contained in a document reveals otherwise privileged information. Mutual will not, however, know which of the approximately one dozen proposed search strings a document contains. Furthermore, Tyco must provide a description of each withheld document sufficient to assess the privilege claim. Fed. R. Civ. P. 26(b)(5). Tyco has failed to explain how the additional knowledge that of one or more search terms are present in a document can possibly reveal privileged information.

Second, Tyco states that "the resultant log would not fairly or accurately represent the actual communication flow relating to this case, and would unfairly prejudice Tyco in the event Mutual tried to use the log to challenge individual privilege claims." *Id.* Mutual is well aware, however, that a log constructed with the help of search terms cannot provide a "complete" picture of all communications. Thus, Mutual cannot and will not represent that such a log "fairly or accurately represent the actual communication flow relating to this case." Nor could the log unfairly prejudice Tyco with respect to any challenge of individual privilege claims. As with the pre-complaint privilege log, Tyco is entitled to rely on documents not on the log if necessary to provide context to sustain its privilege claim.

Finally, Tyco states that it "is not aware of any court having endorsed such an approach, particularly in light of these concerns." *Id.* That, however, is no reason to reject a sensible compromise tailored to the circumstances of this case.

Mutual respectfully submits that the Court should order Tyco to provide a log consistent with Mutual's compromise proposals.

\* \* \*

We thank the Court for its attention to this matter.

Respectfully submitted,

s/*John E. Flaherty*

John E. Flaherty

Enclosures