# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CHAMBERS OF
**MICHAEL A. SHIPP**
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST. ROOM 2042
NEWARK, NJ 07102
973-645-3827

**Not for Publication**

## LETTER OPINION & ORDER

May 2, 2012

**VIA CM/ECF**
All counsel of record

> Re:   **Tyco Healthcare Group LP, et al. v. Mutual Pharm. Co., Inc., et al.**
>       **Civil Action No. 07-1299 (SRC)(MAS)**

Dear Counsel:

This matter comes before the Court by way of informal applications and discovery disputes set forth by the Parties in their letter submissions dated February 28, 2012, and March 2, 2012. (Docket Entry Numbers ("Doc. No.") 446 ("Feb. 28, 2012 Ltr.") and 447 ("March 2, 2012 Ltr.").)  Defendants Mutual Pharmaceutical Company, Inc., and United Research Laboratories, Inc. (collectively, "Mutual") request that Plaintiff Tyco Healthcare Group LP ("Tyco") create a post-complaint privilege log; however, Tyco objects to same.  For the reasons set forth below, Mutual's request is granted.

## I.   BACKGROUND

On March 20, 2007, Tyco filed a patent infringement suit regarding Mutual's New Drug Application No. 75-581.[1]  (Feb. 28, 2012 Ltr. 1.)  On May 4, 2010, the Honorable Stanley R. Chesler, U.S.D.J. ("Judge Chesler"), granted Mutual's Motion for Summary Judgment of

---

[1] In the application, Mutual sought approval from the Food and Drug Administration ("FDA") to manufacture and sell a generic version of Tyco's 7.5 mg Restoril® product.  (Feb. 28, 2012 Ltr. 1.)

invalidity for obviousness, and final judgment for Mutual was entered on July 12, 2010. (Doc. No. 404.)  On June 26, 2011, the Court of Appeals for the Third Circuit affirmed the district court's ruling, ending the patent phase of litigation. (Doc. No. 425.)  The Court lifted the stay on Mutual's counterclaims on July 19, 2011. (Doc. No. 427.)  On August 9, 2011, the Undersigned entered a Scheduling Order, which set a fact discovery end date of February 28, 2012. (Doc. No. 431.)  However, on February 23, 2012, the Parties filed a joint letter requesting a 60-day extension. (Doc. No. 445.)  On February 28, 2012 and March 2, 2012, the Parties filed joint letters addressing the privilege log disagreement outlined below.

The Parties dispute whether, and to what extent, post-complaint documents should be included on a privilege log.  Tyco's electronic privilege screen identified approximately 25,000 responsive documents as potentially containing privileged information. (Feb. 28, 2012 Ltr. 2.)  Approximately 11,000 of the documents post-date the filing of the patent infringement suit. (*Id.*)  Tyco asserts that creating an individualized log for each of these post-complaint documents "would have little value, be unduly burdensome, and be contrary to the rules and recognized practice . . . [since] Tyco is not asserting an advice of counsel defense." (*Id.*)  However, Mutual asserts that a post-complaint log is required under the Federal Rules of Civil Procedure because a number of Tyco's actions post-filing were unlawfully anti-competitive.  Mutual further asserts that logging would not be unduly burdensome considering the amount of documents at issue under their proposal. (March 2, 2012 Ltr. 6-7.)

### A.    Tyco's Position

Tyco asserts four arguments: (1) that Federal Rule of Civil Procedure 26 neither requires document-by-document logging, nor provides details as to what type of privileged information should be provided; (2) the Third Circuit, in *Grider v. Keystone Health Plan Central, Inc.*, 580

F.3d 119, 139 n. 22 (3d Cir. 2009), confirmed that there is no general rule requiring post-filing privilege logging; (3) pursuant to Local Patent Rule 3.8 for the District of New Jersey, since Tyco is not asserting an advice of counsel defense, a post-filing privilege log is not required; and (4) Mutual's request would be unduly burdensome. (March 2, 2012 Ltr. 2.)

Rather than serve a traditional privilege log that separately lists each document, Tyco suggests "a limited, *categorical* post-complaint log. (March 2, 2012 Ltr. 4.) (emphasis added) Tyco argues that, since Mutual rejected Tyco's proposal pursuant to Third Circuit precedent, the New Jersey Local Patent Rules, the Federal Rules of Civil Procedure, and the weight of applicable case law deem a document-by-document post-complaint privilege log inappropriate. (*Id.*)

Mutual's competing proposal would utilize search terms, which Mutual asserts would effectively limit the items flagged for privilege. Tyco claims that there are several problems with Mutual's proposal (1) it does not address the advice-of-counsel issue; (2) the document descriptions Mutual proposes to link to its search terms assume certain conclusions about the substance of privileged information; (3) Mutual's search terms implicate approximately 3,000 post-complaint documents and do not exclude materials involving trial counsel; (4) the resulting log would not fairly or accurately represent the actual communication flow regarding the issue in this case, and it would unfairly prejudice Tyco in the event Mutual tried to use the log to challenge individual privilege claims; and (5) Tyco is not aware of any court having endorsed such an approach in light of the circumstances of the present case. (March 2, 2012 Ltr. 3-5.)

**B.    Mutual's Position**

Mutual argues that Federal Rule of Civil Procedure 26(b)(5) requires a party that withholds a document on the basis of privilege to provide a description of that document

3

sufficient to assess the claim of privilege. Fed. R. Civ. P. 26(b)(5); (March 2, 2012 Ltr. 4.) Mutual further argues that "a log is required under the Federal Rules and is necessary given the nature of Mutual's claims, which include the allegation that a number of Tyco's actions post-complaint were unlawfully anticompetitive." (Feb. 28, 2012 Ltr. 2.) Mutual further argues that the Federal Rules of Civil Procedure do not make a distinction between pre-complaint or post-complaint documents. (March 2, 2012, Ltr. 4.)

Mutual asserts that the documents at issue relate to "several highly-relevant subjects that occurred after the filing of Tyco's patent suit," including: (1) Tyco's decision to maintain the patent suit; (2) "Tyco's post-complaint decision to file a sham Citizen's Petition; and (3) the impact on competition and the relevant markets of Mutual's foreclosure from the market." (*Id.*)

Mutual has offered two compromises, which would reduce the number of post-complaint documents Tyco would have to log by 75 percent. (*Id.*) Specifically, Mutual has agreed to limit the post-complaint log to the time period between the filing of the complaint and the launch of Mutual's generic product, and Mutual proposed a list of search terms designed to identify the documents that are likely to be of particular importance to Mutual's counterclaims. Considering the significant reduction of responsive documents that would result from this proposal, Mutual argues that "Tyco has not demonstrated that the burden of providing a document-by-document post-complaint log . . . would be significant or that it would outweigh the substantial benefit to Mutual of having such a log." (March 2, 2012 Ltr. 6.)

## II.    DISCUSSION

### A.    Federal Rule of Civil Procedure 26(b)(5)

Rule 26(b)(5) of the Federal Rules of Civil Procedure provides that when a party withholds information otherwise discoverable under the rules by claiming that it is privileged or

subject to protection as trial preparation material, the party shall: (1) "expressly make the claim; and" (2) shall "describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5). "Plaintiff need not provide the substance of the documents' contents since doing so would clearly frustrate the purposes of the privileges, rather it is the general topic of each document that must be disclosed." *Wei v. Bodner*, 127 F.R.D. 91, 96 (D.N.J. 1989).

With respect to Tyco's claim that it does not have to create a post-complaint privilege log, the Court finds Tyco's reliance on *Grider v. Keystone Health Plan Central, Inc.*, 580 F.3d 119, 139 n. 22 (3d Cir. 2009) misplaced. Indeed, the only subsequent court to cite *Grider* on this specific issue held that "*Grider* does not hold that litigants are not required to maintain ongoing privilege logs." *Medeva Pharma Suisse A.G. v. Roxanne Labs., Inc.*, No. 07-5165, 2011 WL 310697, at *17 (D.N.J. Jan. 28, 2011). The Court finds that Tyco has not provided any persuasive legal support for its proposition that a privilege log post-complaint is not required.[2]

## B.   Local Patent Rule 3.8 for the District of New Jersey

Local Patent Rules "apply to all civil actions filed in or transferred to this Court which allege infringement of a patent in a complaint, counterclaim, cross-claim or third party claim, or which seek a declaratory judgment that a patent is not infringed, is invalid or is unenforceable." (L. Pat. R. 1.2.) However, "[i]f the filings or actions in a case do not *trigger* the application of these Local Patent Rules under the terms set forth herein, the parties shall . . . meet and confer" to agree on the "application of these Local Patent Rules to the case . . . ." (*Id.*) Local Patent

---

[2] In a footnote, the court in *Grider* acknowledges that "a privilege log may not be required for communications with counsel that [took] place after the filing of a law suit." *Grider*, 580 F.3d at 140, n.22. However, *Grider* does not hold that litigants are not required to maintain ongoing privilege logs. *See Medeva*, No. 07-5165, 2011 U.S. Dist. Lexis 8417, at *51.

Rules 3.8 and 3.8(c) provide in pertinent part that each party relying on the advice of counsel defense as part of a patent related claim or defense for any reason shall serve a privilege log identifying any documents "relating to the subject matter of the advice which the party is withholding on the grounds of attorney-client privilege . . . ."  (L. Pat. R. 3.8(c).)  In order for Rule 3.8(c) to be triggered, a party must rely upon the advice of counsel as part of a patent-related claim or defense.  (L. Pat. R. 3.8.)

The Court finds that Tyco's reliance on Rule 3.8 to oppose the creation of a privilege log is misguided.  Tyco claims that, under this rule, it does not have to provide a privilege log because it is not asserting an advice of counsel defense.  As such, this interpretation would lead to the conclusion that a privilege log is *only* required when an advice of counsel defense is raised, which would effectively override Fed. R. Civ. P. 26(b)(5).  See N.J.L.R. 1.1(a) ("The [Local civil rules] supplement the Federal Rules of Civil Procedure . . . and are applicable in all proceedings when not inconsistent therewith.").  Tyco reads Rule 3.8 in the negative; however, the Rule should be read as creating an additional obligation on a party in a patent case, aside from what is already required under the Federal Rules of Civil Procedure in any standard litigation matter.

## C.    **Unduly Burdensome**

Rule 26(c)(1) of the Federal Rules of Civil Procedure provides that: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."  Fed. R. Civ. P. 26(c)(1).  Tyco asserts that creating an individualized log for each of these post-complaint documents "would have little value, be unduly burdensome, and be contrary to the rules and recognized practice."  Tyco further asserts that the Advisory Committee Notes suggest that a document-by-document log

may be impractical and "unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories."

Tyco has not established why creating a post-complaint privilege log, potentially less than 3,000 documents, would be unduly burdensome.  Additionally, Tyco has not provided an estimate of the cost of logging the documents.   Tyco cites to *Durkin v. Shields*, where approximately 50 parties, 20 law firms, and "hundreds of thousands, if not millions, of documents" were involved.  No. 92-1003, 1997 U.S. Dist. Lexis 18040, at *10 (S.D. Cal. July 31, 1997).  The Court notes that *Durkin* is not a Third Circuit case, and thus not controlling law.  Further, in *Durkin*, the court permitted logging of the documents by category, but made it clear that a document-by-document log "has been, undoubtedly will, and should remain, the traditional format."  *Id.* at *8.   Therefore, the reasoning in *Durkin* applied to the present facts actually supports a document-by-document privilege log.   In this matter, the document-by-document privilege log is narrow in scope, potentially resulting in a few thousand documents.

After careful consideration, the Court finds that Tyco has not established that creating a document-by-document privilege log would be unduly burdensome.  As such, the Court finds that a document-by-document privilege log is both appropriate and reasonable under the facts presented.  *See Torres v. Kuzniasz*, 936 F. Supp. 1201 (D.N.J. 1996) ("The Third Circuit has rejected broadside invocations of privilege which fail to designate with particularity the specific documents or file to which the claim of privilege applies."); *see also United States v. Rockwell Int'l.*, 897 F.2d 1255 (3d Cir. 1990) (The party asserting the attorney-client privilege has the burden of establishing each privilege on a document-by-document basis).

### III.    CONCLUSION

For the reasons discussed above, the Court adopts the approach Mutual has offered.  Tyco shall serve a post-complaint privilege log pursuant to Mutual's proposed list of search terms, which reduces the 11,000 potentially privileged post-complaint documents to approximately 3,000 documents.  Tyco shall submit a proposed timeline regarding the creation and completion of the privilege log to Mutual by May 14, 2012.


 s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**

8